The decision below is signed as a decision of the court.

Signed: December 19, 2006.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROGER N PERKINS, | ) | Case No. 05-00891 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

DECISION RE TRUSTEE'S
APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

The trustee has filed an application for compensation and for reimbursement of expenses. The debtor has objected on the basis of a prior award of compensation and reimbursement of expenses, mistakenly viewing that prior award as having been to the trustee, whereas it was instead to the law firm representing the trustee (of which the trustee is a member). The Bankruptcy Code authorizes a trustee to employ his own law firm, and makes no provision for reducing a trustee's compensation by the fees awarded to his law firm.

The debtor does not suggest that the compensation sought by the trustee is excessive, nor could he credibly do so. (The trustee seeks $605.28 in compensation, and he spent 6.2 hours on the case. This works out to less than $100 per hour in

compensation.)  Nor are the expenses incurred unreasonable.

Although the debtor was hoping that administrative claims would be lower, leaving more to be distributed on the one creditor claim filed in the case, the trustee's right to compensation, as a cost of administration, takes priority over the claims of creditors.  Accordingly, the court will grant the trustee's application.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee.